GOMEZ et al. v. GRANAT BROS. et al.

No. 12160.

United States Court of Appeals
Ninth Circuit.

Oct. 20, 1949.

Rehearing Denied Nov. 28, 1949.

Writ of Certiorari Denied Jan. 9, 1950.
See 70 S.Ct. 351.

J. E. Trabucco, San Francisco, Cal., for appellants.

Mellin & Hanscom, Oscar A. Mellin, Leroy Hanscom and Jack E. Hursh, San Francisco, Cal., for appellees.

Before GARDNER (sitting by designation), HEALY and ORR, Circuit Judges.

GARDNER, Circuit Judge.

This action was originally commenced by appellants against appellees under Section 274d of the Judicial Code, 28 U.S.C.A. § 400, 28 U.S.C.A. §§ 2201, 2202, for a declaratory judgment establishing the invalidity of the Granat Patent No. 2,059,228. Defendants filed a cross complaint charging infringement of the patent in suit. On trial the court determined the issues in favor of defendants, found the patent valid and infringed, and entered judgment dismissing the complaint and enjoining plaintiffs from manufacturing and selling the infringing device. Plaintiffs have appealed and in their statement of points relied upon challenge the correctness of the court's findings of fact and conclusions of law. The only issue presented on this appeal is as to the validity of the patent as it is conceded that plaintiffs' device is an infringement of the device described in the patent in suit.

The patent relates to a mechanically locked finger ring ensemble comprising an engagement and wedding ring together with interconnecting means embodying a recess in the side of one of the rings within which lug or projection on the side of the other ring detachably fits. There are four claims in the patent but they are, so far as the question of patentability is concerned, substantially the same. Claim 1 is as follows: "In a ring ensemble, the combination of an engagement ring and a wedding ring, said engagement ring having an undercut recess formed in one side thereof, said wedding ring having a lug formed on one side thereof, said lug having the same configuration as said recess, whereby when said lug is inserted in said recess said rings will be locked together against axial rotation with relation to each other."

In seeking reversal plaintiffs contend that the patent in suit is invalid because (1) the prior art fully anticipates the device described in the Granat patent; (2) the patent claims are fatally defective in that they define an exhausted and old combination consisting of two connected finger rings together with a certain kind of connecting means, namely, a dovetail tongue and groove or mortise and tenon connection, the invention, if any, residing in the connecting means; (3) the combination of the patent in suit does not constitute invention.

The connecting means is the element which forms the basis of defendants' claim of invention. The combination of two finger rings held together in interlocked relationship was well known in the prior art as disclosed by the patents known in the record as Kaas, Bullard, Thomas, Beaujard and Harris. In the device covered by the Thomas patent two finger rings are detachably held in interlocked relationship by means consisting of a key or projection on the side of one ring extending through a key hole or recess in the side of the other ring. In the device described in the Kaas patent, two rings are interlocked, one ring being provided with a crown having a slotted slide opening which is adapted to receive the crown portion of the ring which is very similar in construction to the Granat ring ensemble. All the above named patents described rings held together in interlocked relationship. In the device described in the Kaas patent the mortise on one ring is adapted to receive the crown portion of the other ring. In the device described in the Bullard patent the mortise and tenon type of connecting means is employed. These locked ring ensembles disclosed by the prior art were provided with connecting

means which prevented the relative independent rotation of either ring as well as their detachment one from another when worn on a finger.

Referring to the claims of the patent in suit it is to be observed that the expressions "mortise and tenon" and "dovetail tongue and groove" are employed. A dovetail connection or joint is well known. It is defined in all standard dictionaries. In the New Century Dictionary it is defined as, "A tenon or tongue resembling a dove's tail spread or a reversed wedge; also, the mortise or cavity into which such a tenon fits; also, a joint or fastening formed by one or more such tenons and mortises." It is defined in Webster's New International Dictionary as "A flaring tenon or tongue and a mortise or socket into which it fits, making an interlocking joint between the pieces which resist pulling apart in all directions except one."

██ Kaas, Bullard, Thomas and Beaujard, all prior patents disclose ring ensembles comprising two finger rings arranged in interlocked relationship. Other patents shown in the record show dovetail tongue and groove or mortise and tenon connecting means used in various arts to join two elements together. None of these prior patents were cited or considered by the patent office during the prosecution of the patent application for the Granat patent. In this situation it is argued that the presumption of prima facie validity is greatly weakened if not destroyed when pertinent prior art is not cited or considered by the patent office, and this court has so held. Stoody v. Mills Alloys, 9 Cir., 67 F.2d 807; Mettler v. Peabody Engineering Corp., 9 Cir., 77 F.2d 56; McClintock v. Gleason, 9 Cir., 94 F.2d 115. See, also: France Mfg. Co. v. Jefferson Electric Co., 6 Cir., 106 F.2d 605; Seiberling Rubber Co. v. I. T. S. Co., 6 Cir., 134 F.2d 871. It seems clear that these patents must be classified as pertinent prior art.

██ The element of invention or discovery is an essential requisite of patentability. Invention must at least involve the production of something new and useful and the trend of recent controlling decisions is to the effect that invention involves the operation of the intellect or of something akin to genius as distinguished from mere mechanical skill. Marconi Wireless Tel. Co. v. United States, 320 U.S. 1, 63 S.Ct. 1393, 87 L.Ed. 1731; Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 62 S.Ct. 37, 86 L.Ed. 58; Dow Chemical Co. v. Halliburton Oil Well Cementing Co., 324 U.S. 320, 65 S.Ct. 647, 89 L.Ed. 973; Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545, 58 S.Ct. 662, 82 L. Ed. 1008; Jungersen v. Ostby & Barton Co., 335 U.S. 560, 69 S.Ct. 269; Mandel Bros. v. Wallace, 335 U.S. 291, 69 S.Ct. 73. See, also: Frank Adam Elec. Co. v. Colt's Patent Fire Arms Mfg. Co., 8 Cir., 148 F.2d 497; Koochook Co. v. Barrett, 8 Cir., 158 F.2d 463; Picard v. United Aircraft Corp., 2 Cir., 128 F.2d 632. Thus, the Supreme Court in Cuno Engineering Corp. v. Automatic Devices Corp., supra, in discussing the device known as Mead's invention as compared with the prior art, among other things said, "We may concede that the functions performed by Mead's combination were new and useful. But that does not necessarily make the device patentable. Under the statute 35 U. S.C. § 31, 35 U.S.C.A. § 31, R.S. § 4886, the device must not only be 'new and useful', it must also be an 'invention' or 'discovery'. Thompson v. Boisselier, 114 U.S. 1, 11, 5 S.Ct. 1042, 1047, 29 L.Ed. 76. Since Hotchkiss', Ex'x v. Greenwood, 11 How. 248, 267, 13 L.Ed. 683, decided in 1851, it has been recognized that if an improvement is to obtain the privileged position of a patent more ingenuity must be involved than the work of a mechanic skilled in the art. * * * That is to say the new device, however useful it may be, must reveal the flash of creative genius not merely the skill of the calling. If it fails, it has not established its right to a private grant on the public domain." [314 U.S. 48, 62 S.Ct. 40]

In Jungersen v. Ostby & Barton Co., supra, it is said, "The patentee claims that the centrifugal forcing of wax into the primary mould had never before been combined with the other features of his proc-

ess. We think this fact is of no legal significance. Where centrifugal force was common as a means of introducing molten metal into the secondary mould, its use in an intermediate step to force molten wax into the primary mould was not an exemplification of inventive genius such as is necessary to render the patent valid." [335 U.S. 560, 69 S.Ct. 272]

In the Jungersen case there was a contention that jewelry casting was a separate and distinct art and hence the advancement in other types of casting could not be used as the prior art. The court, after observing that the patent was not restricted to the casting of jewelry, said, "Secondly, we think that the improvements in the art of casting which were disclosed by the patents and publications discussed above were so obviously applicable to the type of casting sought to be effected by Jungersen that he was bound by knowledge of them."

In Mandel Bros. v. Wallace, supra, a process patent was involved. In the course of the opinion the court said, "All that these patentees did was to utilize in a cosmetic preparation, publicly available knowledge that urea would inhibit acidic corrosion. The step taken by the patentees in advance of past knowledge was too short to amount to invention. They merely applied an old process of inhibition to a new cosmetic use. This is not invention." [335 U.S. 291, 69 S.Ct. 75]

Granat did not invent nor discover the finger ring ensemble with interlocking relationship; neither did he invent nor discover the dovetail joint. He used the dovetail joint as a means of interlocking the two rings. As said by the court in Dow Chemical Co. v. Halliburton Oil Well Cementing Co., supra, [324 U.S. 320, 65 S.Ct. 650] "He who is merely the first to utilize the existing fund of public knowledge for new and obvious purposes must be satisfied with whatever fame, personal satisfaction or commercial success he may be able to achieve. Patent monopolies, with all their significant economic and social consequences, are not reserved for those who contribute so insubstantially to that fund of public knowledge."

 While the addition of a new element to an old invention may be patentable, such new element must be the result of invention or discovery as distinguished from the exercise of mechanical skill. The public may not be deprived of an old process or device merely because some one has discovered that it is capable of producing a better result or has a wider range of use than was before known. Lovell Mfg. Co v. Cary, 147 U.S. 623, 13 S.Ct. 472, 3; L.Ed. 307.

So far as the issue presented in this case is concerned it is not dependent upon oral testimony nor disputed questions of fact. Our decision is based upon the disclosures of the Granat patent, the prior art, and the undisputed facts.

In the instant case the interlocking ensemble was well known, and the dovetail joint was well known to the art. No new or unexpected result was obtained and hence we think the patent is invalid for lack of invention. The judgment appealed from is therefore reversed and the cause is remanded with directions to enter judgment for plaintiffs consistent with this opinion.