**NORMAN PRODUCTS CO. v. SEQUOIA MFG. CO.**

**No. 30685.**

United States District Court
N. D. California, S. D.
Oct. 23, 1952.

Manfred M. Warren, San Francisco, Cal. (Shepherd & McDowell and James M. Hengst, Columbus, Ohio, of counsel), for plaintiff.

Mellin, Hanscom & Hursh, Oscar A. Mellin, LeRoy Hanscom, Jack E. Hursh, Sloss & Eliot, and John G. Eliot, all of San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiff, a manufacturer of heating equipment and assignee of a patent assigned by Edward A. Norman, Jr., brings this action against defendant also a manufacturer of heating equipment, for alleged infringement of plaintiff's letters patent No. 2,540,280 and unfair competition.

Plaintiff's assignor developed the Norman furnace in 1947 after analyzing various types of forced air heaters then in use in housing developments. He embodied certain features and developed a furnace of such dimensions that it could be utilized in houses without basements and without attics, at the same time assuring efficient central heating.

In the several years following the manufacture and sale of plaintiff's heater, which was brought out in 1948, plaintiff developed national distribution and sold an impressive number of heaters.

Since 1950, defendant has marketed a furnace which is competitive with plaintiff's and allegedly "slavishly copies" it.

Plaintiff asks this Court for an injunction, a finding as to infringement, an accounting, damages, costs and other relief.

Defendant has denied the validity of plaintiff's patent. It contends that the Norman furnace has been preceded by other furnaces which have received patent protection and which are described in printed publications and in the prior art. Defendant argues that the patented furnace is merely the product and evolution of engineering knowledge and does not constitute invention.

The presumption of *prima facie* validity which ordinarily attaches to a patent by reason of the issuance by the Patent Office, is dissipated when pertinent prior knowledge and prior art have been omitted from consideration by the Patent Office. The presumption does not create validity of a patent as against pertinent prior art references which have not been considered.[1] The record herein discloses that the Patent Office did not consider the vital Myler patent, No. 2,137,581, filed November 1, 1937.

The Norman furnace, despite the fact that it serves a need in modern housing by reason of its size and dimensions, does not constitute invention. The claims herein are merely the logical development from prior furnaces in their evolvement through application of mechanical skill.[2]

1. O'Leary v. Liggett Drug Co., 6 Cir., 150 F.2d 656; Gomez v. Granat Bros., 9 Cir., 177 F.2d 266.

2. Lane-Wells Co. v. M. O. Johnston Oil Field Service Corp., 9 Cir., 181 F.2d 707; Jacuzzi Bros., Inc., v. Berkeley Pump Co., 9 Cir., 191 F.2d 632.

930

Accordingly, the Court finds that plaintiff's patent is invalid for want of invention.

Plaintiff contends that defendant "slavishly copied" the heater in question and that this gives rise to a liability for unfair competition.

In the absence of actual customer deception or "palming off" there is no liability on the part of defendant.[3] Plaintiff failed to establish that defendant represented itself or its goods as being those of plaintiff. The record is barren of any proof in support of the contention that there was buyer deception.

Plaintiff argues that its furnace has acquired a secondary meaning. There is no evidence to support plaintiff's contention. Features which are utilitarian and functional may not acquire a secondary meaning.[4] The Court finds that plaintiff has failed to prove unfair competition on the part of defendant.

Judgment is entered in favor of defendant upon preparation of findings of fact and conclusions of law in accordance with this memorandum opinion and order.

3. Zangerle & Peterson Co. v. Venice Furniture, etc., Co., 7 Cir., 133 F.2d 266; Champion Spark Plug Co. v. Sanders, 331 U.S. 125, 67 S.Ct. 1136, 91 L.Ed. 1386.

4. James Heddon's Sons v. Millsite Steel & Wire Works, 6 Cir., 128 F.2d 6; Pope Automatic Merchandising Co. v. McCrum-Howell Co., 7 Cir., 191 F. 979, 40 L.R.A.,N.S., 463.