UP-RIGHT, Inc., a corporation, et al.,
Plaintiffs,

v.

The PATENT SCAFFOLDING CO., Inc.,
a corporation, Defendant.

No. 32212.

United States District Court
N. D. California, S. D.

Oct. 27, 1954.

Mellin, Hanscom & Hurst, Oscar A. Mellin, Leroy Hanscom, Jack E. Hurst, San Francisco, Cal., for plaintiffs.

C. P. Goepel, New York City, E. D. Bronson, J. E. Trabucco, San Francisco, Cal., for defendant.

GOODMAN, District Judge.

After the conclusion of the presentation of the evidence in this patent infringement case before a jury, both sides agreed to the dismissal of the jury and to the submission of the cause to the Court. It was also agreed that the Court's decision upon the issue of the validity of plaintiffs' patent would be decisive of the cause, i. e., a finding of validity would warrant judgment for injunction and damages, whereas a finding of invalidity would mean judgment for defendant.

In my opinion, the issue of validity here is one of law or, at least, a mixed question of law and fact. The patent in suit claims an alleged invention of a portable scaffold leg. Plaintiffs contend it satisfies legal standards of invention because it is a combination of elements constituting a new unitary structure, having a new function and new results. To the contrary, it is contended that the patent discloses only old mechanical elements aggregated, and therefore not inventive.

The controversy thus tendered is familiar. Decisions in the Ninth and other circuits in this field are many. The rule of law is clear and hence there is no need of citing the cases. A comparison of the prior art patents and the plaintiffs' patent, gives the answer.

In my opinion, all of the elements aggregated by plaintiffs function as taught in the prior art patents. Plaintiffs did not change nor bring to light anything new in the functioning of these elements. Hence the result is aggregation and not a patentable combination. It is good artisanship. But that is not enough to gain the reward of monopoly, which the Statute grants to the inventor. "He who is merely the first to utilize the existing fund of public knowledge for new and obvious purposes must be satisfied with whatever fame, personal satisfaction or commercial success he may be able to achieve. Patent monopolies, with all their significant economic and social consequences, are not reserved for those who contribute so insubstantially to that fund of public knowledge." Dow Chemical Co. v. Halliburton Oil Well Cementing Co., 324 U.S. 320, 65 S.Ct. 647, 650, 89 L.Ed. 973. See also. Gomez v. Granat Bros., 9 Cir., 177 F.2d 266.

**Findings of Fact**

**I**

On December 12, 1952, Up-Right, Inc., was a corporation duly organized and existing under and by virtue of the laws of the State of California, and had a

place of business in Berkeley, County of Alameda, State of California.

## II

On December 12, 1952, The Patent Scaffolding Co., Inc., was a corporation of the State of New York, and had a regular and established place of business in the City and County of San Francisco, State of California.

## III

On December 12, 1952, Wallace J. S. Johnson was the owner of the entire right, title and interest in and to and under the Letters Patent No. 2,618,496, granted on November 18, 1952 on an application filed September 15, 1947, and Up-Right, Inc. was the exclusive licensee to make, sell and use the invention of said Letters Patent.

## IV

On December 12, 1952, plaintiffs Up-Right, Inc. and Wallace J. S. Johnson filed a complaint for patent infringement against the defendant in Civil Action No. 32212 charging infringement by the defendant of said Letters Patent.

## V

On or about February 28, 1953, plaintiffs filed their amended complaint herein.

## VI

On or about March 24, 1953, defendant filed its answer to the amended complaint alleging invalidity of United States Patent No. 2,618,496 on the ground that said patent sets forth only an unpatentable combination; that the invention claimed in the application for said patent had been described, prior to its filing date of September 15, 1947, in various printed publications, for more than one year prior to the patentees application for patent.

## VII

The essential elements of the single claim of the patent in suit are disclosed in the patents to: Countryman, 1,912,-475; Taylor, 747,270; Burns, 1,181,734; Stevens et al., 351,474; Hinckley, 135,-988; Birch, 210,235; Michelin, 750,675; Mapes, 854,512; Moore, 2,184,358; Uecker, 2,203,114; and Athans, 1,679,-017. All of the said patents had been issued more than one year prior to the filing of the application which resulted in the patent in suit.

## VIII

Calipers embodying adjustments substantially like those in the patent in suit were well known for one year prior to the filing of the application which resulted in the patent in suit, as evidenced by defendant's Exhibit O and the Stevens Patent No. 351,474.

## IX

The Patent Office, in issuing the patent in suit, failed to consider the most pertinent art, specifically the patents listed in Finding VII.

## X

All of the elements of the claim in suit as aggregated by plaintiffs function as taught in the prior art patents.

## XI

Plaintiffs did not change, or bring to light, anything new in the functioning of these elements. The result of the claim in suit is aggregation.

## XII

More than one year prior to the filing of the application which resulted in the Johnson patent in suit, an adjustable supporting leg having telescopic leg members was well known as evidenced by Athans, 1,679,017; Moore, 2,184,358; Countryman, 1,912,475; and Uecker, 2,-203,114.

## XIII

More than one year prior to the filing of the application which resulted in the Johnson patent in suit, an adjustable supporting leg having telescopic leg members and a clutch for holding such leg members against relative displacement was well known as evidenced by Athans, 1,679,017; Moore, 2,184,358; and Countryman, 1,912,475.

## XIV

More than one year prior to the filing of the application which resulted in the

Johnson patent in suit, an adjustable supporting leg having telescopic leg members, the inner leg member of which is threaded and the outer leg member carries a releasable split nut engaging with the threads of the inner leg member and a releasable slidable collar holding the parts of the split nut in gripping relation with the threaded inner leg member, was well known as evidenced by Countryman, 1,912,475.

## XV

More than one year prior to the filing of the application which resulted in the Johnson patent in suit, a structure having inner and outer telescopic members, the inner member having a threaded portion and the outer member carrying a split nut engaging with the threaded portion of the inner member, and a releasable collar holding the parts of the split nut in clutching engagement with the said threaded portion of the inner member, was well known as evidenced by Countryman, 1,912,475; Taylor, 747,270; Burns, 1,181,734; Stevens, 351,474; Hinckley, 135,988; Birch, 210,235; Michelin, 750,675; and Mapes, 854,512.

## XVI

More than one year prior to the filing of the application which resulted in the Johnson patent in suit, telescopic leg members held against relative movement by a releasable clutch, wherein the inner leg member has an enlarged cylindrical portion engaging with a complimentary bearing surface on the outer leg member to prevent lateral movement between the telescopic leg members, and wherein the cylindrical enlargement prevents the complete detachment of the telescopic leg members when the clutch is in gripping engagement with the inner leg member, were old as evidenced by Moore, 2,184,358.

## XVII

More than one year prior to the filing of the application which resulted in the Johnson patent in suit, a supporting leg having telescopic leg members, the inner leg member of which has a smooth cylindrical portion fitting within and against a complimentary bearing portion of the inner surface of the outer leg member, was well known as evidenced by Uecker, 2,203,114, and Moore, 2,184,-358.

## XVIII

More than one year prior to the filing of the application which resulted in the Johnson patent in suit, inner and outer telescopic adjustable members, the inner member having a threaded portion and the outer member carrying a split nut releasably held by a sliding collar in gripping engagement with the threaded portion of the inner member, and wherein the inner and outer members were capable of rapid adjustment with respect to each other by the release of the collar so the split nut no longer secures the said members against relative engagement, and wherein the two members were capable of fine adjustment with respect to each other as to overall length by the turning of the inner member while the split nut is held by the collar in gripping engagement with the inner member, were well known as evidenced by Taylor, 747,270; Burns, 1,181,734; Stevens, 351,474; Hinckley, 135,988; Mapes, 854,512; and Countryman, 1,912,475.

## XIX

More than one year prior to the filing of the application which resulted in the Johnson patent in suit, a supporting leg having telescopic leg members, the outer leg member having integral resilient fingers on its lower end, and a releasable collar for holding the resilient fingers in binding engagement with the inner leg member, was well known as evidenced by Athans, 1,679,017.

## Conclusions of Law

### I

This Court has jurisdiction of the cause because the same arises under the patent laws of the United States.

### II

The claim of the patent in suit does not present a patentable combination.

## III

The structure of the patented claim fails to present a patentable invention.

## IV

The patented claim is invalid.

## V

The complaint is dismissed with costs to the defendant.