**Frances P. SYRACUSE and New Wonder Bag Corporation, Appellants,**

v.

**Harry PARIS, Appellee.**

**No. 14800.**

United States Court of Appeals Ninth Circuit.

June 4, 1956.

Rehearing Denied Aug. 16, 1956.

Alan Franklin, Los Angeles, Cal., for appellants.

Warner, Peracca & Cowan, C. G. Stratton, Henry N. Cowan, Los Angeles, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and FOLEY, District Judge.

CHAMBERS, Circuit Judge.

Frances P. Syracuse holds Patent No. 2,533,850 on a "Utility Handbag Having Double Compartment with Individual Closures and Independently Accessible Bottle Pockets." The bag is rubber lined and has two parallel compartments separated by a divider. These two compartments are for wet and dry diapers. At each end of the bag is a compartment for a baby's milk bottle. Entrance to all sections of the bag is gained through zippers.

If the patent is valid, Harry Paris, the defendant below and appellee here, is apparently infringing it.

Frances P. Syracuse and her licensee, New Wonder Bag Corporation, brought suit below to enjoin the infringement and for an accounting of profits.

Paris moved for summary judgment, claiming that the patent is clearly anticipated by prior art patents not cited by the Commissioner of Patents and further that the article has no novelty that entitled it to have a patent. The motion was supported by a certified copy of the file wrapper on the Syracuse patent submitted with the affidavit of defendant's attorney, along with copies of prior art patents on other handbags.[1] Plaintiff Syracuse resisted the motion for summary judgment solely by filing a short affidavit of plaintiff's counsel with an ac-

---

1. Counsel on both sides have assumed that the original patent document No. 2,533,-850 issued by the Commissioner of Patents on December 12, 1950 has been lost or at least did not come forward to this court. This original document came at the threshold of the appeal to the clerk of this court. It may be found attached to the deposition of the defendant, Harry Paris. Likewise, a certified copy of the file wrapper on the Syracuse patent was apparently submitted with Attorney Stratton's affidavit as an exhibit when he moved in the district court for a summary judgment. The file wrapper came along with the Stratton affidavit.

After argument, counsel for plaintiff-appellant submitted another certified copy of the file wrapper in an endeavor to "supplement" the record. Of course, such an attempt was improper. However, the record fortuitously needed no "supplementing," even if such could be done. The retention by the court of a copy of something it already had is not to be regarded as authority to "supplement" the record willy-nilly.

companing photograph of his own brief case which he gains entrance to by means of a zipper on top. The affidavit says counsel for appellant received the brief case as a Christmas present in December, 1936. Its materiality is unknown to this court. It would appear that the plaintiffs resisted the motion for summary judgment with no affidavits that tendered any issue of fact, although the motion was doggedly resisted by brief and argument.

Findings of fact and conclusions of law were filed and a summary judgment was entered.

Of course, a trial court must be chary about summary judgments, if any genuine issue of fact is presented. See Hycon Mfg. Co. v. H. Koch & Sons, 9 Cir., 219 F.2d 353, and Gillespie v. Norris, 9 Cir., 231 F.2d 881, decided February 28, 1956. It does not appear that the defendant's affidavits set up any inconsistences or contradictions requiring a trial.

The district court found that the Syracuse patent was invalid as anticipated by prior art patents.

This court is of the opinion in this case that one need not explore prior art: that one look at the bag is enough to convince a court that it lacks the elements that the United States patent laws were intended to protect.[2] Moreover, this court is convinced that if the article on inspection ordinarily might meet patentability standards, yet the prior art exemplified in a number of other patents, particularly the Shanzer patent, No. 147,477, not cited by the patent office, would require invalidation. The matter of anticipation is an affirmative defense. So this court, therefore, does not properly reach the question of the propriety of the use of a summary judgment to test out the questions of anticipation, because the first conclusion here is that the

gadget is unpatentable, a conclusion drawn from looking at the article.

This court does not mean to suggest that the ruling here is for this time and this case alone. It is satisfied that here the trial court was correct in its disposition of the case. However, due to the manner in which the case was presented to the trial court, it is appropriate to say that this decision cannot be considered as too much authority for the upholding of summary judgments in patent suits.

Judgment affirmed.

---

2. See Airolite Co. v. Fiedler, 2 Cir., 147 F. 2d 496, and Gomez v. Granat Bros., 9 Cir., 177 F.2d 266, certiorari denied 338 U.S. 937, 70 S.Ct. 351, 94 L.Ed. 578.