**Alden HANSEN, Appellant,**

**v.**

**SAFEWAY STORES, Incorporated, a corporation, Appellee.**

**No. 14216.**

United States Court of Appeals
Ninth Circuit.

June 27, 1956.

Rehearing Denied Oct. 24, 1956.

Joseph L. Bortin, San Francisco, Cal., for appellant.

Paul D. Flehr, John F. Swain, George H. Johnston, San Francisco, Cal., for appellee.

Before POPE and FEE, Circuit Judges, and JAMES M. CARTER, District Judge.

JAMES ALGER FEE, Circuit Judge.

This is an action for damages for patent infringement. It was tried in the District Court with a jury. After the jury failed to agree, the trial judge granted a motion for directed verdict. Judgment for defendant was entered on the ground of invalidity of the patent which founded the claim.

The evidence at trial showed that Alden Hansen was employed by defendant Safeway Stores, Incorporated, for the more part in the inventory control and billing department, which received integrated statistical information from the individual stores to the number of approximately two hundred in the San Francisco zone area. He worked out a business record device, which forms the basis for his application for letters patent. The patent office in the first instance found that the device was not patentable. However, the United States Court of Customs and Patent Appeals reversed. In re Hansen, 154 F.2d 684, 33 C.C.P.A., Patents, 979. Upon this basis, letters patent issued as above noted. Before the issuance of the letters patent, Safeway accepted the device on a trial basis in the San Francisco zone office during June, 1942, and thereafter the use of similar forms was made according to stipulation in the following zone areas between the following dates:

| | |
|---|---|
| San Francisco | June, 1942, to March, 1947 |
| Fresno, California | May, 1943, to June, 1949 |
| Butte, Montana | October, 1943, to September, 1949 |
| Dallas, Texas | January, 1945, to March, 1950 |
| El Paso, Texas | January, 1942, to June, 1949 |
| Oklahoma City | January, 1943, to January, 1949 |
| Phoenix, Arizona | July, 1943, to December, 1949 |

| | |
|---|---|
| Salt Lake City, Utah | Unknown date in 1942 and still in use December 17, 1952 |
| Omaha, Nebraska | September 1942, to December, 1948 |
| Spokane, Washington | June, 1943, to December, 1948 |
| Seattle, Washington | October, 1941, to December, 1946 |
| Tulsa, Oklahoma | September, 1942, to December, 1948 |
| New York | July, 1942, to December, 1950 |

It must be noted that there is a hotly disputed issue as to whether these forms were identical with those described in the letters patent.

There was a pre-trial conference at which it was agreed that the issues to be tried were as follows:

"The parties hereto having, by their counsel, appeared before the Court on a pre-trial conference on Thursday, the 24th day of September, 1953, it is hereby ordered:

"1. That the only issues to be tried in this matter are whether the claims of the Hansen patent in suit are valid or invalid and whether the business records of the defendant infringe or do not infringe a valid claim, if any, of said patent.

"2. That in the event the claims of the patent in suit are found to be valid and infringed by the defendant, the plaintiff shall not be entitled to recover damages for infringement prior to June 18, 1946, the day upon which the Hansen patent was granted.

"3. That the plaintiff has made an election of remedies and is barred thereby from seeking recovery for either a breach of contract or for breach of confidential disclosure or relationship between the parties and therefore is not entitled to recover any damages arising from any alleged breach of contract or alleged breach of confidential disclosure or relationship."

It is to be noted that the trial ranged over a tremendous field and that innumerable issues not foreshadowed by the pre-trial order were debated before the jury and the court.

When we read the record, the distinct impression is borne in upon us that the trial of various collateral issues got the jury into difficulty. The question of whether Hansen was entitled to some compensation from Safeway by estoppel or some other means and the question of whether Safeway had a technical shop right to use the patent should have been disregarded under this order. But these and a great many extraneous issues were tried. This was a basic error. But neither party is here complaining of this deviation. However, this Court is convinced that, if the extraneous issues had not been injected and fiercely fought, there might have been a verdict which could have been supported. As it was, the jury were apparently confused as to what were the decisive issues and, since they failed to agree, were forthwith discharged.

At the close of the evidence, defendant had made a motion for directed verdict on the following grounds: (1) That the Hansen patent was invalid, since the claims of the patent do not define invention over the prior art; (2) that the device does not reveal the flash of creative genius; (3) that the business records used by defendant do not infringe the claims of the patent because they were a natural development of the prior art; (4) that defendant's business records are substantially the same as the prior art; (5) that the business records of defendant are substantially identical with those used by Pontiac Motor Car Company more than a year prior to December 14, 1942; (6) that the business records do not infringe because equivalent to those shown by Groby, Graham,

Bach, Iseri and Wilford, all of which are patents prior to plaintiff's; (7) that defendant, with the knowledge and consent of plaintiff, constructed and used business forms prior to the application by plaintiff for his patent and therefore defendant has a right to use its business forms without liability to plaintiff; (8) that defendant had a shop right to use the invention. This motion was at the time held in abeyance. After the jury had disagreed and had been discharged, the trial court heard arguments as to whether the motion for directed verdict should have been granted and whether judgment should be entered for defendant. In its order, the trial court came back to the basic issue set up by the pretrial order.

In the memorandum for judgment, it is said the basis of the ruling is that "plaintiff's patent is invalid for lack of novelty, lack of invention or lack of both novelty and invention." However, the judgment recites:

"The Court having considered the evidence and the law finds as a matter of law that there was no evidence offered and received in said cause which would justify a verdict in favor of plaintiff and against said defendant and that the evidence was legally insufficient to support a verdict in favor of plaintiff."

and dismisses the action with prejudice.

The trial court, in directing a verdict, apparently came back to the basic issue. But the query is whether this solution is correct.

■ The issue as to whether there subsists in a device upon which letters patent have issued novelty, utility and invention is one of fact. This explains the allowance of a jury trial in such a case. Under the Constitution, a jury trial cannot be denied if one of the parties demand it.

■ In a jury trial of a patent case, the same rules prevail as in ordinary cases. There is no special exception simply because an alleged patent is involved. The trial court has the power to direct a verdict if there be no substantial evidence to go to the jury on any essential issue. The trial court would therefore have been required to enter judgment for defendant as a matter of law if it clearly appeared by inspection of the patent in suit that it was invalid. The trial court seemingly adjudged the case on such a proposition of law. This involved a misconception.

From a review of the record, two propositions of fact are apparent: first, in this case, there was a strong presumption of validity, and, second, there was no evidence of prior art or anticipation sufficient to take the case out of the province of the jury.

First. Contrary to the judgment, there was substantial evidence of a valid grant of letters patent. It has always been held that the action of the administrative body designated as the "Patent Office," in issuing a patent as agent of the sovereign, carries with it a presumption of validity. This is still the law. It is uncontrovertible that this presumption, owing to shifts of the sands of doctrine, is now infinitely weaker than that which attends findings of other administrative bodies. Because of a number of foolish and unfounded grants in the past, it is sound judicial theory that some patents are so clearly void that a mere reading thereof requires a judicial declaration of invalidity as matter of law. See Judge Chambers' opinion in Syracuse v. Paris, 9 Cir., 234 F.2d 65. Such letters are vulgarly dubbed "zombies" or "scarecrows." But the instant grant to Hansen could not be so characterized. The Court of Customs and Patent Appeals had said in ruling upon the application for these identical letters:

"* * * the structure embraces four elements alleged to be basic, viz.: '* * * (1) a foundation form having columns, (2) indicia on said foundation form identifying such columns, (3) strips attachable in the columns of the foundation form in a manner to leave the column indicia exposed, and (4) corresponding or matching indicia on

such strips.' " In re Hansen, 154 F. 2d 684, 685.

The ruling of the Court of Customs and Patent Appeals adds great weight to the presumption of validity.

Second. A review of all the patents and other evidence in the record which are now urged upon us in this appeal, including some which were not shown to have been before the Court of Customs and Patent Appeals, indicates that there are questions of fact as to whether the present patent is valid or had been exemplified in previous devices. Various patents, which are not shown to have been before the Court of Customs and Patent Appeals, are now urged upon us in this appeal. In view of the prior art now cited, it is contended that there was a proved anticipation. It may be that the issues before the Court of Customs and Patent Appeals were not identical with those which the trial court may have considered. If then the trial court had been passing upon these questions as the trier of the fact, we would naturally not set aside the finding unless it were clearly erroneous. But that is not the problem with which this Court has to deal. It is perfectly true that, even if a jury has found a patent to be valid, the trial court can set aside the finding and enter a judgment for defendant, if there are no grounds for the verdict. But here the jury had not determined any of the questions, and the trial court was free, under like circumstances, to sustain the motion for directed verdict and enter judgment for defendant. However, such a holding is a determination as a matter of law that there is no substantial evidence to sustain the contention of plaintiff. It is not a finding of fact.

The prior patents placed in evidence all have certain physical similarities to the Hansen patent. Each of these, except Bach, related to accounting forms. Each contains straight lines, a plurality of columns and a foundation sheet with strips to attach. The Bach patent is a whist-scoring coupon book. But a combination of such elements will still amount to invention if it performs a new and useful function. Upon the record as a whole, there was sufficient evidence to raise a question of fact as to whether the Hansen patent performed a new and useful function by a combination of these elements known in the prior art. Actually, it is apparent from the record that the trial court, instead of determining the question of law upon which the judgment is based, probably determined these questions of fact contrary to the position of plaintiff.

Although, in the face of the findings by the trier of fact, the presumption of validity which accompanies letters patent is of minor importance, in this case the trial court can hardly say that its balancing of this presumption against the anticipatory references was not a finding of fact. The trial judge was in error, therefore, in entering a judgment when sharp disputes of fact appearing in the record had not been resolved by the jury.

This Court has carefully reviewed the patents and devices in evidence, which are claimed to have anticipated the Hansen patent, and is unable to say as a matter of law that there was a clear showing of anticipation or of prior art which negatived invention by Hansen. However, the details will not be discussed, since the field should not be clouded when the matter comes up for re-examination as questions of fact.

There is less reluctance to remand in view of the fact mentioned above that the trial was not confined to the matters set out in the pre-trial order. However, it is not intended to preclude the trier of fact from finding lack of invention, novelty or utility or that the patent was anticipated upon the evidence now before this Court or such evidence as may be presented on a new trial. There is no opinion intimated or expressed herein as to these questions of fact, since our function does not extend to such limits. The cause is remanded for further proceedings in accordance with this opinion.

Reversed.