**DELCO CHEMICALS, Inc., a corporation,**
**Plaintiff,**

v.

**CEE–BEE CHEMICAL CO., Inc., a corporation, Defendant.**

**Civ. No. 17387.**

United States District Court
S. D. California,
Central Division.

Dec. 11, 1957.

Fulwider, Mattingly & Huntley, Robert W. Fulwider, Walter P. Huntley, John M. Lee, Los Angeles, Cal., and John A. Weyl, Hollywood, Cal., for plaintiff.

Carlos G. Stratton and Louis M. Welsh, Los Angeles, Cal., for defendant.

MATHES, District Judge.

Plaintiff brought this action for a declaration of invalidity and non-infringement as to United States Letters Patent No. 2,653,116. 28 U.S.C. §§ 1338(a), 2201. Defendant answered with a counterclaim for damages for alleged infringement. Plaintiff now moves for a summary judgment declaring the patent invalid. Fed.R.Civ.P., Rule 56, 28 U.S.C.A.

The motion is based upon the pleadings, various affidavits, a copy of the patent in suit, the "file wrapper", and copies of various prior-art patents. Affidavits have been filed in opposition to the motion.

There is no issue of fact, "genuine" or otherwise, as to the contents of the patent in suit, the contents of the file-wrapper record of Patent Office proceedings leading to the issuance thereof, or the contents of the various prior-art patents.

The patent in suit—Letters Patent No. 2,653,116, covering a "Method of Removing Sealant from Fuel Tanks"—issued September 22, 1953, upon an application filed March 16, 1949, for a patent on both "Method and Apparatus for Removing Sealant from Fuel Tanks". The file wrapper discloses that the first action of the Patent Office was to declare that "The method and the apparatus are distinct, each from the other * * * and all claims are rejected on the ground of misjoinder."

Next, claims limited to the method were rejected as unpatentable over the prior art cited. Further method claims were then filed, then amended, then rewritten; personal interviews with the examiner were had; associate counsel appeared; and at length, the Patent Office examiner allowed the eight claims appearing in the letters as issued.

Interestingly enough, the specifications and drawings of patent No. 2,653,-116, issued for the "method" alone, are the same as those in the original application for both "method and apparatus." Indeed, the opening words of the specifications in the letters issued for the method alone are: "This invention relates to a method and apparatus for removing the sealant that lines the interiors of integral fuel tanks, particularly of aircraft." Patent 2,653,116, col. 1, ll. 1–5.

In the language of the defendant's brief in opposition to the motion for summary judgment, the patented process is a "three-way method, including, first, spraying a volatile solvent against the sealant in an aircraft tank; secondly, spraying the solvent with a 'water-rinsable, solvent-miscible' material; and thirdly, applying a water spray of a higher pressure. The second and third sprays may be applied successively or simultaneously."

Thus, defendant's fuel-tank cleaning process can be envisioned as embracing either two or three steps, depending on whether the water rinsing accompanies or follows the "water-rinsable, solvent-miscible" spray.

Plaintiff's motion for summary declaration of invalidity is made upon the grounds that: "The method claimed by the patent in suit is fully and clearly anticipated by prior art which was not cited or considered by the Commissioner of Patents while the application for the patent was pending * * *. The method claimed by the patent in suit is devoid of patentable novelty * * *. There does not exist any genuine issue as to material facts necessary to consideration and determination of this motion, since invalidity of the patent in suit is clearly apparent from a comparison of said patent in suit with said prior art which was not considered by the Patent Office but * * * is before the Court in this motion."

■ It is often declared generally that validity of a patent is a question of fact. United States v. Esnault-Pelterie, 1936, 299 U.S. 201, 205, 57 S.Ct. 159, 81 L.Ed. 123; Faulkner v. Gibbs, 9 Cir., 1948, 170 F.2d 34, 37, affirmed per curiam 1949, 338 U.S. 267, 70 S.Ct. 25, 94 L.Ed. 62. But the broad question of validity may encompass a variety of issues, both factual and legal. 35 U.S.C. § 102.

■ Whether a method or "process" upon which letters patent have issued is "new and useful", and whether first "invented or discovered" by the patentee, are questions of fact. 35 U.S.C. §§ 100, 101; Oriental Foods v. Chun King Sales, 9 Cir., 1957, 244 F.2d 909, 913–914; Hall v. Wright, 9 Cir., 1957, 240 F.2d 787, 790; Hansen v. Safeway Stores, Inc., 9 Cir., 1956, 238 F.2d 336, 339.

■ In the case at bar, the specific question whether "the invention was patented * * * in this country, more than one year prior to the date of the application for patent in the United States * * *" 35 U.S.C. § 102(b) is one of fact.

■ The burden of proof necessary to establish invalidity for anticipation, or for other want of invention, rests of course upon the party asserting it. Marconi Wireless Tel. Co. of America v. United States, 1943, 320 U.S. 1, 34, 63 S.Ct. 1393, 87 L.Ed. 1731; Smith v. Hall, 1937, 301 U.S. 216, 222, 232–233, 57 S. Ct. 711, 81 L.Ed. 1049; Radio Corp. of America v. Radio Eng. Lab., 1934, 293 U.S. 1, 7–8, 54 S.Ct. 752, 78 L.Ed. 1453; Eibel Process Co. v. Minnesota & Ontario Paper Co., 1923, 261 U.S. 45, 60, 43 S.Ct. 322, 67 L.Ed. 523; The Barbed Wire Patent [Washburn & Moen Mfg. Co. v. Beat 'Em All Barbed-Wire Co.], 1892, 143 U.S. 275, 284–285, 12 S.Ct. 443, 36 L. Ed. 154; Schmeiser v. Thomasian, 9 Cir., 1955, 227 F.2d 875, 876; Whiteman v. Mathews, 9 Cir., 1954, 216 F.2d 712, 716.

■ But, as the Court said in Bates v. Coe, 1878, 98 U.S. 31, 25 L.Ed. 68, "the patent offered in evidence * * * will be held to be prior, if it is of prior date to the patent in suit, unless the patent in suit is accompanied by the application for the same, or unless the complainant introduces parol proof to show that his invention was actually made prior to the date of the [earlier] patent, or prior to the time the [earlier] application was filed." 98 U.S. at page 33; see Alexander Milburn Co. v. Davis-Bournonville Co., 1926, 270 U.S. 390, 399–400, 46 S.Ct. 324, 70 L.Ed. 651.

■■ Questions as to validity, such as anticipation or other want of invention, as a rule present "genuine" issues of fact which must be litigated and adjudicated by plenary trial so long as the presumption of validity is available to the defender of the patent. See Radio Corp. of America v. Radio Eng. Lab., supra, 293 U.S. at page 9, 54 S.Ct. 752; Hycon Mfg. Co. v. H. Koch & Sons, 9 Cir., 219 F.2d 353, 356, certiorari denied 1955, 349 U.S. 953, 75 S.Ct. 881, 99 L.Ed. 1278. For, although disputable, the presumption of validity cannot be dispelled without an evaluation of the evidence to the contrary. Such an evaluation necessitates the consideration or weighing of all opposing evidence, the drawing of inferences, and the choice of opposing inferences; usually this can be done only after a plenary trial. See Sartor v. Arkansas Natural Gas Corp., 1944, 321 U. S. 620, 628, 64 S.Ct. 724, 88 L.Ed. 967; Hansen v. Safeway Stores, Inc., supra, 9 Cir., 238 F.2d at page 340; Hycon Mfg. Co. v. H. Koch & Sons, supra, 9 Cir., 219 F.2d 353; cf. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 1950, 340 U.S. 147, 153–154, 71 S.Ct. 127, 95 L.Ed. 162; Muench-Kreuzer Candle Co., Inc., v. Wilson, 9 Cir., 246 F. 2d 624, certiorari denied 78 S.Ct. 149; Oriental Foods v. Chun King Sales, supra, 244 F.2d at page 913; Kwikset Locks, Inc. v. Hillgren, 9 Cir., 210 F.2d 483, 486, certiorari denied, 1954, 347 U. S. 989, 74 S.Ct. 852, 98 L.Ed. 1123; 348 U.S. 855, 75 S.Ct. 78, 99 L.Ed. 673.

■■ Since there is no rational basis upon which to rest it, the presumption of validity cannot extend beyond the scope of the administrative record—the file wrapper of the patent as issued. So the presumption that a patent is valid, as embodying an invention over the prior art, does not subsist as to pertinent prior art not cited or considered by the Patent Office in passing on the application for the patent. Jacuzzi Bros., Inc., v. Berkeley Pump Co., 9 Cir., 1951, 191 F.2d 632, 634 & note 4, 637; Gomez v. Granat Bros., 9 Cir., 1949, 177 F.2d 266, 268, certiorari denied 1950, 338 U.S. 937,

70 S.Ct. 351, 94 L.Ed. 578; Mettler v. Peabody Engineering Corp., 9 Cir., 1935, 77 F.2d 56, 58; and see Syracuse v. Paris, 9 Cir., 1956, 234 F.2d 65; see, also, Fritz W. Glitsch & Sons, Inc., v. Wyatt Metal & Boiler Works, 5 Cir., 1955, 224 F.2d 331, 335; Royal Patent Corp. v. Monarch Tool & Mfg. Co., 6 Cir., 1953, 203 F.2d 299, 300; O'Leary v. Liggett Drug Co., 6 Cir., 150 F.2d 656, 664, certiorari denied 1945, 326 U.S. 773, 66 S.Ct. 232, 90 L.Ed. 467; Himmel Bros. Co. v. Serrick Corp., 7 Cir., 1941, 122 F.2d 740, 745; Nordell v. International Filter Co., 7 Cir., 1941, 119 F.2d 948, 950; National Elec. Products Corp. v. Grossman, 2 Cir., 1934, 70 F.2d 257, 258; R. Hoe & Co. v. Goss Printing Press Co., 2 Cir., 1929, 30 F.2d 271, 274; American Soda Fountain Co. v. Sample, 3 Cir., 130 F. 145, 149–150, certiorari denied 1904, 195 U.S. 634, 25 S.Ct. 791, 49 L.Ed. 354.

Such uncited prior art is as if unknown to the Commissioner and, being unknown, could not possibly have influenced his administrative finding of invention. Himmel Bros. Co. v. Serrick Corp., supra, 122 F.2d at page 745; Nordell v. International Filter Co., supra, 119 F.2d at page 950.

One has only to examine the admitted copy of the letters, and of the file wrapper of the patent in suit, to learn there can be no issue of fact, "genuine" or otherwise, that the following pertinent prior-art patents were not cited or considered in connection with the application for the patent at bar:

No. 2,018,757 issued 1935 to Butterworth for "Apparatus for Cleaning Tanks";

No. 2,045,752 issued 1936 to Butterworth for "Method for Freeing a Container of Asphaltic and Oil Materials";

No. 1,666,015 issued 1928 to Land for "Tank Cleaning Apparatus";

No. 1,730,658 issued 1929 to Jensen for "Can Washing Apparatus";

No. 2,065,462 issued 1936 to Olsson for "Oil Tank Cleaning Apparatus";

No. 1,701,824 issued 1929 to Robinson for "Process and Apparatus for Cleaning Radiators"; and

No. 2,245,554 issued 1941 to Court for Method of "Hydraulic Disruption of Solids."

It will be noted that the "apparatus" patents also describe the claimed inventor's recommended "method" of making use of the cleaning device. In the fuel-tank cleaning art, and analogous arts, the essential steps of the method or process are easily understood from a reading of the claims of the patent in conjunction with the specifications and drawings. See 35 U.S.C. §§ 111, 112, 113.

And it is settled that where "it appears that no substantial dispute of fact is presented, and that the case may be determined by a mere comparison of * * * [processes] and extrinsic evidence is not needed for purposes of explanation, or evaluation of prior art, or to resolve questions of the application of descriptions to subject-matter, the questions of invention and infringement may be determined as questions of law." United States v. Esnault-Pelterie, 1938, 303 U.S. 26, 30, 58 S.Ct. 412, 414, 82 L.Ed. 625; see Sanitary Refrigerator Co. v. Winters, 1929, 280 U.S. 30, 36, 50 S.

Ct. 9, 74 L.Ed. 147; Singer Mfg. Co. v. Cramer, 1904, 192 U.S. 265, 275, 24 S.Ct. 291, 48 L.Ed. 437; Black Diamond Coal-Mining Co. v. Excelsior Coal Co., 1895, 156 U.S. 611, 618, 15 S.Ct. 482, 39 L.Ed. 553; Market St. Cable Ry. v. Rowley, 1895, 155 U.S. 621, 625, 15 S.Ct. 224, 39 L.Ed. 284; Heald v. Rice, 1881, 104 U.S. 737, 749, 26 L.Ed. 910.

Defendant admits that the above-listed patents were not cited or considered by the Patent Office in passing on the application for the patent in suit. However, defendant denies that the non-cited patents anticipate the claimed invention of the fuel-tank cleaning method described in the patent in suit. As to the non-cited Butterworth patent No. 2,018,-757, defendant questions whether any "screen" means is shown "for collecting material dispersed by the solvent and yet permitting drainage therethrough of the solvent for re-circulation * * *." See patent 2,653,116, col. 3, ll. 45–50.

The specifications in non-cited Butterworth patent No. 2,018,757 describe: "A line 36 connects basin 35 with chamber 24 to introduce the oil contaminated wash water into the chamber. A weir 38 is provided in basin 35 in position to prevent the passage of scale or other solid material into line 36." Butterworth patent 2,018,757, p. 2, col. 2, ll. 25–35.

Defendant argues that "a weir is in the nature of a dam"; that "Material flows over the top of a weir and not 'through' it." But this is not the teaching of non-cited Butterworth patent No. 2,018,757, as clearly appears from an examination of the drawing of the "weir", 38 of Fig. 2, in the light of the above-quoted specifications.

Moreover, as the examiner observed upon rejecting certain claims during the course of the proceedings in the Patent Office: "A pump drain for the tank is considered the full patentable equivalent of applicant's gravitational drain, and the separation by settling is considered the full patentable equivalent of

* * * screens. Both * * * are considered well within the purview of one skilled in the art, and hence devoid of invention." File wrapper pp. 37, 41.

 It is true of course that "a process patent can only be anticipated by a similar process." Carnegie Steel Co. v. Cambria Iron Co., 1902, 185 U.S. 403, 424–425, 22 S.Ct. 698, 707, 46 L.Ed. 968.

 It is also true that in a process or method patent, the important thing is a method of procedure, not the particular means by which the method shall be practiced. Expanded Metal Co. v. Bradford, 1909, 214 U.S. 366, 384, 29 S.Ct. 652, 53 L.Ed. 1034; see Dow Chemical Co. v. Halliburton Oil Well Cementing Co., 1945, 324 U.S. 320, 329, 65 S.Ct. 647, 89 L.Ed. 973; International Steel Wool Corp. v. Williams Co., 6 Cir., 1943, 137 F.2d 342, 346; Slayter & Co. v. Stebbins-Anderson Co., Inc., 4 Cir., 1941, 117 F.2d 848, 851. "The test of the identity of processes is not the apparatus used for carrying them out but whether they involve identical or equivalent steps." Celite Corp. v. Dicalite Co., 9 Cir., 96 F.2d 242, 248, certiorari denied, 1938, 305 U.S. 633, 59 S.Ct. 101, 83 L.Ed. 407; see: Kemart Corp. v. Printing Arts Research Laboratories, Inc., 9 Cir., 1953, 201 F.2d 624, 629; Craftint Mfg. Co. v. Baker, 9 Cir., 1938, 94 F.2d 369, 373.

 So in determining whether a patented method was anticipated by the prior art, it is immaterial that the apparatus employed in the earlier use was neither as skillfully designed or used, nor as efficient in operation or results as that later devised by the patentee. Smith v. Hall, supra, 301 U.S. 216, syl. 8, 232, 57 S.Ct. 711, 81 L.Ed. 1049.

 Moreover, as pointed out in Welsh Mfg. Co. v. Sunware Products Co., 2 Cir., 1956, 236 F.2d 225: "It is proper for the court to take judicial notice of matters of general knowledge which indicate that a * * * [method] is not new." 236 F.2d at page 226; Slawson v. Grand St. R. R., 1882, 107 U.S. 649, 654, 2 S.Ct. 663, 27 L.Ed. 576.

It would serve no useful purpose to labor here the detail of a comparison of the essential steps embraced by the cleaning methods disclosed in the prior-art patents involved here, both cited and uncited. Plainly, the patents not cited by the examiner are decidedly more pertinent to the precise art of the claimed invention than those which were cited.

One reads the file wrapper and wonders upon what possible ground the letters in suit issued, even over the prior art cited.

 In the language of the Court of Appeals for the Ninth Circuit in Mettler v. Peabody Eng. Corp., supra, 77 F.2d 56: "The presumption of validity which attends the issuance of letters patent by the patent office is overcome in this case by the clear [undisputed] evidence of anticipation in the prior art which was not cited or considered by the Patent Office when the application for * * * [the] patent was passed on." 77 F.2d at page 58.

 Being anticipated by prior-art patents which were not cited or considered by the patent office in passing on the application for the patent in suit, Letters Patent No. 2,653,116 are invalid; and no fact finder could, within the bounds of reasonableness, find validity here. See Muench-Kreuzer Candle Co., Inc., v. Wilson, supra, 246 F.2d 624; Oriental Foods v. Chun King Sales, supra, 244 F.2d 909; Kwikset Locks, Inc., v. Hillgren, supra, 210 F.2d 483; cf. Syracuse v. Paris, supra, 234 F.2d 65.

 Even if it be said that there appears no "strict anticipation" of the patent in suit, and that the method involves some novelty, it nonetheless lacks invention. As Judge Fee stated for the Court in Stauffer v. Slenderella Systems of California, Inc., 9 Cir., 1957, —— F.2d ——: "The advances in the prior art may be such that, although there is no strict anticipation and even though the * * * [methods] involved may not be similar, a trained mechanic would, if presented with the problem, solve it without difficulty."

The statute provides that: "A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103.

Where, as here, use of a cleaning process or method is common to many fields, "its application to a new field ordinarily involves no more than ordinary mechanical skill." Welsh Mfg. Co. v. Sunware Products Co., supra, 236 F.2d at page 226; Concrete Appliances Co. v. Gomery, 1925, 269 U.S. 177, 185, 46 S. Ct. 42, 70 L.Ed. 222; Vandenburgh v. Truscon Steel Co., 1923, 261 U.S. 6, 15, 43 S.Ct. 331, 67 L.Ed. 507; Lovell Mfg. Co. v. Cary, 1893, 147 U.S. 623, 633–634, 13 S.Ct. 472, 37 L.Ed. 307.

 Nor is invention ordinarily involved "even though changes or modifications are essential to the practical application of the method * * * to the new use * * *." International Steel Wool Corp. v. Williams Co., supra, 137 F.2d at page 346; cf. Reviser's note to 35 U.S.C. § 101 (1952); Jungersen v. Ostby & Barton Co., 1949, 335 U.S. 560, 69 S.Ct. 269, 93 L.Ed. 235; Mandel Bros., Inc., v. Wallace, 1948, 335 U.S. 291, 69 S.Ct. 73, 93 L.Ed. 12; Sinclair & Carroll Co. v. Interchemical Corp., 1945, 325 U.S. 327, 65 S.Ct. 1143, 89 L.Ed. 1644; Honolulu Oil Corp. v. Halliburton, 1939, 306 U.S. 550, 59 S.Ct. 662, 83 L.Ed. 980.

Clearly, no fact finder could reasonably conclude that patentable novelty subsists in the discovery that an old method used in cleaning railroad tank cars, ship tanks, drums, and radiators can be adapted to the cleaning of airplane fuel tanks.

Here, as in Dow Chemical Co. v. Halliburton Oil Well Cementing Co., supra, 324 U.S. 320, 65 S.Ct. 647: "He who is

merely the first to utilize the existing fund of public knowledge for new and obvious purposes must be satisfied with whatever fame, personal satisfaction or commercial success he may be able to achieve. Patent monopolies, with all their significant economic and social consequences, are not reserved for those who contribute so insubstantially to that fund of public knowledge." 324 U.S. at page 328, 65 S.Ct. at page 650.

■ The most that can be said of the patent in suit is that the method claimed to constitute invention is but a mere aggregation of steps long known and employed in the fuel-tank cleaning art. It may well be that use of the patentee's method increases efficiency both in labor expended and results obtained. "But perfection of workmanship, however useful or convenient, does not constitute invention." Photochart v. Photo Patrol, Inc., 9th Cir., 189 F.2d 625, 628, certiorari denied 1951, 342 U.S. 867, 72 S.Ct. 107, 96 L.Ed. 652; see Toledo Pressed Steel Co. v. Standard Parts, Inc., 1939, 307 U.S. 350, 356, 59 S.Ct. 897, 83 L.Ed. 1334.

■ The conjunction or concert of known steps in the fuel-tank cleaning process must contribute something; only when the whole in some way exceeds the sum of its parts is the accumulation of old methods patentable. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., supra, 340 U.S. at page 152, 71 S.Ct. 127; and see: Jungersen v. Ostby & Barton Co., supra, 335 U.S. at pages 566–567, 69 S.Ct. 269; Muench-Kreuzer Candle Co. v. Wilson, supra, 246 F.2d 624; Oriental Foods v. Chun King Sales, supra, 244 F.2d at page 913; Schmeiser v. Thomasian, supra, 227 F.2d at page 877; Kwikset Locks, Inc., v. Hillgren, supra, 210 F.2d at pages 486–487.

■ To paraphrase the language of Market St. Cable Ry. v. Rowley, supra, 155 U.S. at page 625, 15 S.Ct. 224: If, upon the state of the art as shown to exist by the prior patents, and upon a comparison of the older processes with the method described in the patent in suit,

it should appear that the patent claims are not novel, or that the claimed invention is anticipated by the prior art, it becomes the duty of the court to grant summary judgment on the issue of validity. See Vermont Structural Slate Co. v. Tatko Bros. Slate Co., 2 Cir., 233 F.2d 9, certiorari denied, 1956, 352 U.S. 917, 77 S.Ct. 216, 1 L.Ed.2d 123; Syracuse v. Paris, supra, 234 F.2d 65; Bobertz v. General Motors Corp., 6 Cir., 1955, 228 F.2d 94, 99–100, certiorari denied, 1956, 352 U.S. 824, 77 S.Ct. 32, 1 L. Ed.2d 47; Park-In Theatres, Inc., v. Perkins, 9 Cir., 1951, 190 F.2d 137, 142; Davison Chemical Corp. v. Joliet Chemicals, Inc., 7 Cir., 179 F.2d 793, certiorari denied 1950, 340 U.S. 816, 71 S.Ct. 45, 95 L.Ed. 599; Steigleder v. Eberhard Faber Pencil Co., 1 Cir., 176 F.2d 604, certiorari denied 1949, 338 U.S. 893, 70 S.Ct. 244, 94 L.Ed. 548; Smith v. General Foundry Mach. Co., 4 Cir., 174 F.2d 147, 151, certiorari denied 1949, 338 U.S. 869, 70 S.Ct. 144, 94 L.Ed. 533; cf. Leishman v. Radio Condenser Co., 9 Cir., 167 F.2d 890, certiorari denied 1948, 335 U.S. 891, 69 S.Ct. 246, 93 L.Ed. 429; Stuart Oxygen Co. v. Josephian, 9 Cir., 1947, 162 F.2d 857, 859.

■ Here, it appears as a matter of law from undisputed facts disclosed by the letters and the file wrapper of patent 2,653,116, and the prior-art patents, both cited and non-cited, that the patent in suit is invalid because of "strict anticipation" [35 U.S.C. § 102(b)] or, in any event, for want of patentable novelty. Id., § 103.

As Judge Pope observed for the Court in Leishman v. General Motors Corp., 9 Cir., 1951, 191 F.2d 522, certiorari denied 1952, 342 U.S. 943, 72 S.Ct. 556, 96 L.Ed. 702: "Even if the disclosures of the prior art had fallen short of complete anticipation, yet invention may be negatived by such disclosures." 191 F.2d at page 530. So in the case at bar, even if the disclosures of the non-cited-prior-art patents be said to fall short of complete anticipation, they still serve upon the motion for summary judgment to negative invention, and thus to render invalid

the patent in suit since, as has been shown, no presumption of validity can subsist as to the non-cited-prior-art patents.

■ This alone is sufficient to dispose of the case on the merits. For when, on a motion for summary judgment, "there is no genuine issue as to any material fact" involved in the adjudication of a single issue which is dispositive of the case, "and * * * the moving party is entitled to a judgment as a matter of law" on that single issue, all other issues of fact raised by the parties, however genuine—such as prior publication, infringement and the like—become as a matter of law immaterial. See McComb v. Southern Weighing & Inspection Bureau, 4 Cir., 1948, 170 F.2d 526, 530; Keehn v. Brady Transfer & Storage Co., 7 Cir., 159 F.2d 383, 385, certiorari denied 1947, 331 U.S. 844, 67 S.Ct. 1535, 91 L.Ed. 1864; cf. Dolgoff v. Kaynar Co., D.C.S.D.Cal.1955, 18 F.R.D. 424.

For the reasons stated, plaintiff's motion for summary judgment on the issue of validity of the patent in suit will be granted; and the attorneys for plaintiff may lodge with the Clerk within five days findings of fact, conclusions of law and judgment accordingly, to be settled pursuant to local rule 7.