his injury does not entitle him to maintain this action against his employer.

"2. It is the nature and character of the work being performed by the plaintiff at the time his injury was sustained which determines whether he has the right to maintain this law suit.

"3. If you find that the work which the plaintiff was performing at the time he sustained his injury was not in connection with the furtherance of the navigation of the Pfeifer #2, your verdict must be for the defendant.

CEE–BEE CHEMICAL CO., Inc., a corporation, Appellant,

v.

DELCO CHEMICALS, Inc., a corporation, Appellee.

No. 15893.

United States Court of Appeals Ninth Circuit.

Dec. 22, 1958.

Rehearing Denied Feb. 3, 1959.

C. G. Stratton, Louis M. Welsh, Los Angeles, Cal., for appellant.

Fulwider, Mattingly & Huntley, John M. Lee, Walter P. Huntley, Los Angeles, Cal., Weyl & Weyl, John A. Weyl, Hollywood, Cal., for appellee.

Before HAMLEY, HAMLIN, and JERTBERG, Circuit Judges.

HAMLEY, Circuit Judge.

Delco Chemicals, Inc., brought this action to obtain a judicial declaration that a certain patent is invalid and not in-

fringed. Cee-Bee Chemical Co., Inc., the owner of the patent and defendant in this suit, denied the allegations of the complaint. Defendant also counterclaimed for damages in the sum of $25,000, alleging infringement of the patent in question.

At a pretrial conference the court invited the plaintiff to file a motion for a summary judgment. Such a motion was filed, and was considered in the light of the pleadings, various affidavits and counteraffidavits, the "file wrapper," and copies of various prior-art patents. Acting favorably on the motion, the court filed an opinion which is reported in 157 F.Supp. 583. Findings of fact, conclusions of law, and a judgment favorable to plaintiff were then entered.

Defendant appeals, contending that there were one or more genuine issues as to material facts, and that it was therefore error to grant relief by way of summary judgment.[1]

The patent in suit—Whitcomb et al., Patent No. 2,653,116—describes a method of removing synthetic rubber sealing material from the inside of airplane fuel tanks. As typified by claims 1, 2, and 3, the patent calls for a spray apparatus to be inserted in the fuel tank, which is then sealed. The process then involves three steps: "(1) Spraying volatile solvent material against the sealant in the aircraft fuel tank; (2) applying less volatile, water-rinsable, solvent-miscible spray to the solvent on the sealant, in order to render the solvent rinsable by water; and (3) applying water under higher pressure to wash down the drain the loosened pieces of sealant."

The claimed grounds of invalidity of the patent, as stated in the motion for summary judgment, are:

"A. The method claimed by the patent in suit is fully and clearly anticipated by prior art which was

---

1. Rule 56(c), Federal Rules of Civil Procedure, 28 U.S.C.A., provides that a summary judgment may be rendered "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

not cited or considered by the Commissioner of Patents while the application for the patent was pending and being prosecuted before the United States Patent Office;

"B. The method claimed by the patent in suit is devoid of patentable novelty."

The trial court found merit in both of these contentions. It held that the Whitcomb patent had been anticipated by prior-art patents which were not cited or considered by the patent office. It further held that, even if it be said that there appears no "strict anticipation" of the patent in suit (in the sense that every element and feature of the claim is found in a single prior-art reference) and that the method involves some novelty, it nonetheless lacks invention.

If the conclusions reached by the trial court required it to first resolve a genuine issue as to a material fact, the case should not have been disposed of on a motion for a summary judgment. Appellant argues that in reaching the indicated conclusions the court resolved at least six genuine issues of material fact.

One such issue, according to appellant, was whether the prior-art patents anticipated the second step of the Whitcomb process. As stated in claim 2, this second step, immediately following the

spraying of volatile solvent inside the tank and its drainage, was to render "the solvent water-rinsable by applying a substantially less volatile, water-rinsable, solvent miscible spray to the solvent on the sealant. * * * " In claim 1 this second step was more briefly described as "applying a water-rinsable, emulsifying spray to the sealant. * * * "

In its findings of fact the court described the spray used in this second step as a "soapy" spray. It also found that "United States Letters Patent to Foster, No. 1,141,243, cited by the Patent Office against the application for the patent in suit, discloses that it is old to apply soapy or water-rinsable emulsifying solution to any surface being cleaned." The claims of the Foster patent refer to the use of a "solution of soap and water," a "solution of water and soap or soap-like material," and a "solution of water and detergent material." [2]

Appellant contends that in characterizing the solution used in the second step of the Whitcomb process as a "soapy" spray the court necessarily determined a genuine issue as to a material fact. Appellant refers to the affidavit of Keith R. Whitcomb, one of the inventors, in which it is asserted that the spray used in this second step is not soapy, and that a soapy solution would not serve the purpose. [3]

2. No other patent cited by the Examiner, appellee, or the trial court, appears to show a soapy or other solution for washing out a tank.

3. In this affidavit, which was before the court, Whitcomb said in part:
"The synthetic rubber compound that is used for a sealant is water-insoluble and water-repellent. On the contrary, the solvent used to spray on the sealant is of such nature that it is absorbed by the sealant, which becomes swollen with the solvent. This swelling causes the sealant to release itself from the wall of the aircraft tank. The solvent is a highly volatile material, so that if the tank were opened at this point and the solvent allowed to evaporate, the sealant would again form hardened, water-insoluble deposits within the fuel tank.
"Applying water to the sealant at this point, while the sealant is thus swollen

with solvent, would cause the sealant to re-set. As one means of avoiding these difficulties of the solvent evaporating or re-setting, the patented method, inter alia, contemplates the use of a spray of a material that is both miscible with the solvent and is water-rinsable. This spray may be separate from the solvent spray or they may be simultaneously sprayed according to the patent in suit. Soap or a soapy solution is not solvent-miscible and would not prevent the solvent from evaporating, and would not prevent the sealant from returning either to a hardened material or to a water-insoluble material. In fact, soap or a soapy solution would wash away the solvent and definitely cause the sealant to re-set as a hardened rubber compound, so soap or a soapy solution would be inoperative and produce just the opposite results from those desired."

Appellee argues in effect that a "soapy" spray and a "water-rinsable, solvent-miscible" spray are one and the same. This may be true, but to so decide necessitates the determination of a question of fact which appellant disputes, as revealed by the Whitcomb affidavit. The materiality of this question can hardly be denied in view of what is said in the Whitcomb affidavit concerning the efficacy of a soapy spray as compared to that of the spray described in the patent.

Appellee also argues that in any event the Foster patent, in teaching the use of a soapy solution, necessarily teaches the use of the kind of solution described in the Whitcomb patent. But acceptance of this view calls for resolution of the same disputed question of fact. If, as appellant contends, the spray described in the second step of Whitcomb is not "soapy," then the "soapy" spray described in Foster is not the same kind as that described in Whitcomb.

Appellant contends that the trial court resolved other disputed issues of material fact in addition to the one discussed above. However, it is not necessary to discuss these, since the presence of a single genuine issue as to a material fact precludes disposition of a case by summary judgment.

In view of what is said above, we are of the opinion that the trial court should not have determined by summary judgment that the Whitcomb patent had been anticipated by prior-art patents. The court, however, further held that even though there was not strict anticipation the method described in Whitcomb, while involving some novelty, nonetheless lacked invention.

What the prior art was and what the patentee did to improve upon it are questions of fact. Whether what the patentee did is properly to be classified as an invention is a question of law. Bergman v. Aluminum Lock Shingle Corp. of America, 9 Cir., 251 F.2d 801, concurring opinion by Judge Pope. If there were here no genuine issues as to material fact concerning prior art and the teaching of the Whitcomb patent, the trial court's conclusion that Whitcomb lacked invention would involve only a question of law which could be decided by summary judgment.

But, as we have seen, both as to the prior art and the teaching of the Whitcomb patent, genuine issues of material fact were presented, which the court resolved against the contested patent. Since the findings thus arrived at were necessary predicates to the conclusion that Whitcomb lacked invention, the latter determination should not have been made by summary judgment.

The judgment is reversed and the cause is remanded for trial.