Frances P. SYRACUSE, Plaintiff,

v.

H. DAUST MANUFACTURING COM-
PANY, a corporation, Defendant.

No. 10988(2).

United States District Court
E. D. Missouri, E. D.

July 29, 1959.

Lawrence C. Kingsland, of Kingsland, Rogers & Ezell, St. Louis, Mo., for plaintiff.

Lawrence H. Cohn, of Cohn, Powell & Cassidy, St. Louis, Mo., for defendant.

HARPER, Chief Judge.

This is a suit for patent infringement, this court having jurisdiction under Title 28 U.S.C.A. § 1338(a). The plaintiff was issued U. S. Patent No. 2,533,850 on a "Utility Handbag Having Double Compartment With Individual Closures and Independently Accessible Bottle Pockets." The patent was applied for on September 13, 1947. The bag is lined with waterproof material and has two parallel compartments separated by a divider. These two compartments are for wet and dry diapers. At each end of the bag is a compartment for a baby's milk bottle. Entrance to the four compartments of the bag is gained by separate zippered closures.

The defendant contends (1), that the plaintiff is not the owner of the patent in suit and therefore cannot maintain this action, and (2), the patent in suit is invalid for lack of invention.

There has been one suit by the plaintiff against a different defendant involving the patent here involved. In Syracuse and New Wonder Bag Corp. v. Paris, No. 15994, the District Court for the Southern District of California, Central Division, granted a summary judgment for the defendant, holding that the patent was invalid for lack of invention. The Ninth Circuit Court of Appeals affirmed the judgment, 234 F.2d 65. The plaintiff agrees that if New Wonder Bag Corporation is the owner of the patent in suit, it is an indispensable party. The defendant contends that there is "proof positive" that the plaintiff is not the owner. First, the defendant points to the complaint in Syracuse and New Wonder Bag Corp. v. Paris, supra, which was unverified and which alleged that the plaintiff

Syracuse was the owner of the patent up to " * * * January 5, 1951, when said patent was assigned to * * * " the corporation. Secondly, the defendant in its brief, purporting to quote from the cross-examination of the plaintiff by her own attorney when her deposition was taken on behalf of defendant Paris on July 28, 1954, in connection with the first suit, states as follows:

"Q. (By Mr. Geauque) Mrs. Syracuse, in connection with defendant's Exhibit 3, *(a copy of an instrument of assignment)*, were you to receive any financial remuneration for the setting over of the patent and application on the Utility Hand Bag, Ser. No. 773,747, now the patent in suit, for setting it over to the corporation, New Wonder Bag Corp.? A. They gave me $2,000.00.

"Q. Did you receive the money from them? A. Yes, as soon as I received the patent number and released it, they handed me $2,000.00 * * * ". Emphasis added.

 Exhibit 3 referred to above was listed as an "agreement" when plaintiff's first deposition was taken and it was withdrawn, its contents apparently never having been before the court in that case. The same attorney that questioned plaintiff when her first deposition was taken also questioned her when her deposition was taken on February 4, 1959, in connection with the case at bar. It was that attorney who referred to the agreement as a purported assignment. On February 4, 1959, neither plaintiff, nor the one-time sales manager of the New Wonder Bag Corporation, Ralph W. Dahl, were questioned about ownership of the patent or any alleged assignment to the corporation. Finally, the defendant points to the finding of fact of the District Court in the prior case which stated that the plaintiff " * * * did on or about January 5, 1951, assign the said patent * * * " to the corporation. This is weakened considerably by the fact that the Court of Appeals referred to the corporation as a licensee of the plaintiff,

and also by the fact that the District Court appears never to have had any evidence before it on this point other than the plaintiff's deposition of July 28, 1954, and the complaint in the case on which to base its finding of fact. The complaint in the case at bar alleges that the plaintiff has been the owner of the patent since it was issued. The patent shows on its face that it was issued on December 12, 1950, to the plaintiff. There is in evidence a certification from the U. S. Patent Office showing that they have no record of any assignment of the patent from September 13, 1945, through May 20, 1954. My conclusion is that the record title is in the plaintiff and the defendant has not shown that plaintiff at any time was divested of that title.

 The patent, having been duly issued, is entitled to a presumption of validity, Title 35 U.S.C.A., Sec. 282. The court in Syracuse and New Wonder Bag Corp. v. Paris, supra, concluded that the bag lacked the elements that the U. S. Patent laws were intended to protect, a conclusion reached by taking "one look at the bag". [234 F.2d 66.] Although the question of anticipation was not properly reached (the court so stating), the court concluded that even if the bag were patentable, that the prior art, particularly the Shanzer patent (Des. 147,477), not cited by the Patent Office, would require invalidation. The Shanzer patent was applied for on September 17, 1946, while the patent in suit was applied for on September 13, 1947, nearly one full year later. The bag appearing in the drawing on the Shanzer patent is called a "Combined Bottle and Diaper Utility Bag" and it bears a close resemblance to the plaintiff's bag. The big distinction between the two is that the bag shown on the Shanzer patent has only one zipper opening and compartment in the top of the bag. The plaintiff contends that the Shanzer patent is not available for showing anticipation of the invention because the date of her invention was prior to September 17, 1946. This also would eliminate the Holland Patent (2,447,940 —"Waterproof Foldable Handbag for

Baby Accessories"), cited by the Patent Office and referred to (in conjunction with other prior patents) when all of the original five claims made by the plaintiff were rejected. The plaintiff bears the burden of proof in carrying the date of her invention beyond the date of the Shanzer patent. In Deering v. Winona Harvester Works, 155 U.S. 286, 301, 15 S.Ct. 118, 124, 39 L.Ed. 153, 159, the court indicated that the earlier date must be proved "by evidence so cogent as to leave no reasonable doubt in the mind of the court." In United Shoe Machinery Corp. v. Brooklyn Wood Heel Corp., 2 Cir., 77 F.2d 263, the court said:

"* * * When an inventor's date is to be carried back beyond his application, courts regard the effort with great jealousy, and must be persuaded with a certainty which is seldom demanded elsewhere; quite as absolute as in a criminal case, in practice perhaps even more so." Loc. cit. 264.

To establish a date antecedent to September 17, 1946, the plaintiff introduced a registered letter at the taking of her deposition on February 4, 1959. The letter bears postmarks of both February 23, and February 24, 1947, and plaintiff testified that she mailed the letter to herself. The envelope contained two items: (1), an unsigned and undated "To Whom It May Concern" letter (Plaintiff's Ex. 17), and (2), a letter dated February 21, 1947, also addressed "To Whom It May Concern" and purportedly signed by a John R. Russell, Jr. (Plaintiff's Ex. 16). The plaintiff's Exhibit 17 contains a description of a four compartment bag, each compartment accessible by a separate zippered opening. It states that the writer first made such a bag on June 4, 1946, and that on July 2, 1946, a bag was given to a Mrs. Ed Tascione, who was expecting a baby. Under the typewritten description and information above there is a sketch of a bag showing two zippers on the top and one on the visible end (with a note that there is a zipper compartment at the opposite end). The letter also states that the writer became very "encouraged and excited" by Mrs. Tascione's enthusiasm for the bag and another was made to show to Mr. and Mrs. John Russell, Jr., and other friends. The plaintiff testified that the letter was typed in English by her daughter from dictation given to her in Italian by the plaintiff. Plaintiff also testified that her daughter was present when she showed Mrs. Tascione the bag. She further stated that she made at least two other bags shortly after giving the bag to Mrs. Tascione and that she gave one to her daughter to use for a beach bag, and another to Mr. Kidder to obtain a patent. She did not attempt to resecure the bags.

There was no testimony from anyone other than Mrs. Tascione and plaintiff about these first bags plaintiff claims to have made. Plaintiff's Exhibit 16 states that on January 23, 1947, the plaintiff showed the writer several samples of baby bunting and utility bags and that on that day he wrote to New York for information concerning materials which could be used for the fabrication of the samples. The letter also states that it was the first time plaintiff exhibited the samples, and that the plaintiff informed him she intended to have the samples patented. The deposition of Rhoda Tascione was taken on February 4, 1959, and she testified that plaintiff had given her a four compartment bag similar to the bag covered by the patent in suit. She could not recall whether the bag was blue with white piping or white with blue piping. She fixed the date she received it about two months prior to September 2, 1946, the date on which she gave birth to her first child. Plaintiff testified on February 4, 1959, that at the time her first deposition was taken, in 1954, she had forgotten completely about giving her first bag to Mrs. Tascione. But plaintiff was positive at the time of her second deposition as to the approximate date on which she made her first bag. When asked how she was able to fix the date as being in June of 1946, plaintiff testified as follows at page 3, Lines 18 to 24:

"A. Well, I recall the date, I ought to know, because I ought to

know that I did it on that day. I recall the date, well, the children was out of school, and my daughter, she was just engaged, just going out with her husband, and now he is her husband. My older daughter, she was going out with her boy friend. There was just about three or four times they were going together."

■ At the deposition taken in 1954 plaintiff testified that she had conceived the idea for her patented bag about three months before she applied for her patent. At page 87, Line 21, of her deposition taken on February 4, 1959, plaintiff explained that she did not want to tell certain things at her prior deposition because her lawyers told her not to tell everything, and she refers to her prior lawyer as a "crook" who "messed up" her case. To sustain her heavy burden of carrying back the date of her invention beyond the Shanzer patent, the plaintiff has introduced only her own testimony and the testimony of a friend who at one time lived with plaintiff, in conjunction with the registered envelope and the materials therein.

■ The evidence is not "so cogent as to leave no reasonable doubt in the mind of the court." As previously stated, the Shanzer patent, not cited by the patent office, shows a bag having a close resemblance to the plaintiff's bag and would perhaps be sufficient in itself to hold the patent in suit invalid. But the Shanzer patent does not have two independently accessible compartments at the top. However, that would not constitute invention on the part of the plaintiff in view of the Lyndes et al. patent (2,274,-718), and the patent examiner so stated when all of the original five claims of the plaintiff were rejected. The Lyndes et al. patent shows a budgeting pocketbook with five independently accessible zippered compartments. There is nothing mentioned in the Shanzer patent concerning the use of any waterproof material. I agree with the defendant that no intelligent designer would consider anything but waterproof material to meet the requirements for holding wet diapers, but regardless of this, the prior patents of Zichy (1,653,246), cited by the patent office, and Halpin (2,025,101), not cited by the patent office, show that waterproof compartments were not new in either baby kits or other receptacles for carrying damp or wet apparel.

Judgment should accordingly be for the defendant. The attorneys for the defendant will prepare the findings of fact, conclusions of law and judgment and submit same to the court for entry.