**Frances P. SYRACUSE, Appellant,**

v.

**H. DAUST MANUFACTURING CO.,**
**Appellee.**

**No. 16369.**

United States Court of Appeals
Eighth Circuit.

July 6, 1960.

378

Lawrence C. Kingsland, St. Louis, Mo., for appellant.

Lawrence H. Cohn, St. Louis, Mo., for appellee.

Before GARDNER, WOODROUGH, and VOGEL, Circuit Judges.

WOODROUGH, Circuit Judge.

From the beginning, women who take their babies places away from home have carried milk and change of swaddling clothes with them, using countless varieties of containers and carriers such as hand bags, satchels, grips, valises, and like devices.

In simplest form such devices have only one compartment but there is no claim that there is anything new in providing them with more compartments. Also in the simplest form, such a device has only one opening to the single compartment, but, especially with the advent of zippers, it has been easy and customary to add more openings to additional compartments.

On the 13th day of September, 1947, Frances P. Syracuse made application for patent for a device referred to as a "Utility Handbag Having Double Compartment with Individual Closures and Independently Accessible Bottle Pockets" to be used mainly to carry diapers, bottles, and other articles required for the care of an infant while travelling or away from home. Patent No. 2,533,850 was issued to applicant on December 12, 1950.

Thereafter she brought this suit for infringement of the patent and after trial on the issues joined, her action was dismissed. She appeals.

The description in her claim is of a handbag with four compartments of waterproof material reached by a vertically placed zipper opening at each end and two horizontally placed zipper openings at the top.

On inspecting a sample of the device and carefully considering the claim for patent, one can not help wondering how it could have passed to patent, and the wonder is not lessened by study of the file wrapper. See Hansen v. Safeway Stores, 9 Cir., 238 F.2d 336, at page 339. There is no element of the device that is novel. It is an ordinary handbag that has four zippered compartments of waterproof material instead of one, or two, or three, or five, or six, and as to which it is manifest that anyone with skill in making zippered handbags could equal or add to or subtract from the number of zippered compartments to any reasonable extent desired by a customer. As it is meant to carry articles that are sopping wet together with dry ones, the panelling of the compartments is of a waterproof material, such as ordinary skill suggests and requires. The applicant also stated that in addition to its usefulness to mothers of babies, the device is adapted for use as a beach bag for carrying towels, bathing suits, bottles of lotion, cosmetics, cigarettes, currency, and the like, as indeed any zippered handbag compartmented with waterproof material that could be made to order by anyone skilled in the ancient art of making handbags would be.

It appeared to the Trial Court and also to the Court of Appeals of the Ninth Circuit in Syracuse (New Wonder Bag Corp.) v. Paris, 234 F.2d 65 that the patent is void for want of invention. Not only are its aggregated elements all old, functioning as before their inclusion in the device, but the device as a whole presents no novel and useful capability to justify a finding of invention in respect to it.

We incline less to extend discussion of this conclusion because the opinion of the District Court supports it with completeness and accuracy and as we find without error. Syracuse v. H. Daust Mfg. Company, D.C.E.D.Mo., 184 F. Supp. 844.

 The judgment of dismissal must be affirmed on the further ground that the plaintiff failed to sustain her claim that she had invented and reduced her device to practice prior to the applications for patent filed on September 17, 1946 by Shanzer and on September 27, 1946 by Holland. The Shanzer patent, Des. 147,477 was granted September 9, 1947 and the patent to Holland, 2,447,940 on August 24, 1948. These patents, called respectively "Combined Bottle and Diaper Utility Bag" and "Waterproof Foldable Handbag for Baby Accessories" were available to show anticipation of plaintiff's device, and considered with other prior patents in evidence (especially Gale, 1,617,629; Halpin 2,025,101; Nover 1,235,049; Vasquez 2,429,836; Salem 2,394,332; Penny 1,325,372; and Lyndes 2,274,718) fully anticipated plaintiff's device.

In order to eliminate the Shanzer and Holland patents as anticipating references, it was incumbent on plaintiff to show by "proof persuasive to a certainty" or "certainty which is seldom demanded elsewhere" that her invention was made almost a year before the filing date of her patent. Alexander Milburn Co. v. Davis-Bournonville, 270 U.S. 390, 46 S. Ct. 324, 70 L.Ed. 651; Deering v. Winona Harvester Works, 155 U.S. 286, 15 S.Ct. 118, 39 L.Ed. 153; United Show Machine Corp. v. Brooklyn Wood Heel Corp., 2 Cir., 77 F.2d 263. She undertook to make such proof by her own testimony, that of a friend, Mrs. Tascione, and by means of a registered letter said to have been written and mailed to herself on the advice of counsel in February of 1947. But she had testified as to the time when she invented and first disclosed her device to others on the trial of Syracuse (New Wonder Bag Corp. v. Harry Paris) 234 F.2d 65 and the District Court has set forth the substance of her evidence in the opinion which accompanied judgment. He has pointed out in detail inconsistencies, contradictions, and improbabilities in plaintiff's testimony and his reasons for finding of fact that plaintiff failed to prove that her invention was made prior to September 17, 1946, the filing date of the Shanzer application for patent. There is no basis in the record upon which this Court could properly make a finding to the contrary.

The judgment is accordingly

Affirmed.